IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL REALTY PARTNERS, LTD. | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 5:18-cv-01081 |
| AMCO INSURANCE COMPANY AND TIFFANY LIN BLUE | § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Amco Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Gabriel Realty Partners, Ltd. v. Amco Insurance Company and Tiffany Lin Blue*; Cause No. 2018CI16959, In the 285th Judicial District Court of Bexar County, Texas.

### I.

### BACKGROUND

1.     Plaintiff Gabriel Realty Partners, Ltd. (hereinafter, "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2018CI16959, in the 285th Judicial District Court of Bexar County, Texas on September 5, 2018 (the "State Court Action").[1]

2.     Defendant appeared and answered on October 12, 2018, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

---

[1]     *See* **Exhibit A**, Plaintiff's Original Petition with citation.

[2]     *See* **Exhibit B**, Defendants' Original Answer.

4.     Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 285th Judicial District Court of Bexar County, Texas.

5.     Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.     Diversity of the Parties

7.     Plaintiff is registered as a Texas limited partnership doing business in San Antonio, Bexar County, Texas.  A diligent search of publicly available information on the partners of Plaintiff has been conducted, and general partners Johnny D. Gabriel and Rosalie P. Gabriel are the only partners who can be identified based on public records.[3]  Johnny D. Gabriel and Rosalie P. Gabriel are both domiciled in San Antonio, Texas. No other partners of Plaintiff were discovered through a diligent search and review of publicly available records, and Defendant has no reason to believe that any partners share the citizenship of any Defendant.  Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.[4]

---

[3]     *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members).

[4]     *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. CV SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after this inquiry, Defendants are still unable to identify the members but have

8.      Defendant AMCO Insurance Company is organized under the laws of the State of Iowa and maintains its principal place of business in Des Moines, Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, AMCO is a citizen of Iowa.

9.      Defendant Tiffany Lin Blue is domiciled in the State of Texas. However, Blue's citizenship should be disregarded because she has been improperly joined to this action.[5]

10.      Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i.   Improper joinder

11.      A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[6] Because Blue is non-diverse, only the latter option is relevant in this matter.

12.      A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[7] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In

---

no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief." *citing Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3rd Cir. 2015))

[5]   Blue's joinder or consent in this removal is not necessary since she is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[6]   *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[7]   *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

[8]   *Id.*

[9]   *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[10] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

13.     In this case, Plaintiff has alleged causes of action generally against the "Defendants" for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.[13] However, Plaintiff has employed form allegations that are not substantively tailored to the facts of the case. Moreover, in its petition, Plaintiff has failed to plead enough facts against Blue to state a claim to relief that is plausible on its face. Instead, Plaintiff's petition employs conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions. Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert a claim to relief under Texas law against Blue. As such, Blue has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

14.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $100,000 but not more than $200,000…."[14]  Plaintiff has further pled that damage to the property has been

---

[10]   *See Int'l Energy Ventures*, 818 F.3d at 200-08.

[11]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12]   *Id.* at 570.

[13]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ VII and VIII (pp. 4-6).

[14]   *Id.* at p. 1.

calculated to be $87,280.93.[15]  The threshold for diversity jurisdiction of $75,000 is therefore met by the allegations of Plaintiff's Original Petition.

15.     Plaintiff further seeks compensation for actual damages, 18% per annum penalty interest, additional damages, exemplary damages, attorneys' fees, and pre- and post-judgment interest.[16] Plaintiff has alleged that AMCO's conduct was wrongful and done knowingly, entitling Plaintiff to a trebling of actual damages under Texas Insurance Code Chapter 541.[17] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[18]

16.     The amount in controversy in this matter plainly exceeds $75,000, exclusive of interest and costs.[19] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

17.     Removal of this action under 28 U.S.C. §1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, PREMISES CONSIDERED, Defendant AMCO Insurance Company hereby provides notice that this action is duly removed.

---

[15]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ VII.

[16]   *Id.* at ¶ XI.

[17]   *Id.* at ¶ XII.

[18]   *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[19]   *See* **Exhibit A**, Plaintiff's Original Petition with citation.

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
AMCO INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this 12th day of October, 2018, to:

Robert W. Loree                                    #9414 7266 9904 2061 9327 07
Cassandra Pruski
LOREE & LIPSCOMB
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
rob@lhlawfirm.com
cassie@lhlawfirm.com

*/s/ Patrick M. Kemp*

Patrick M. Kemp

6